IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2238-FL

| | |
|---|---|
| JOHNEY FREEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JUSTIN ANDREWS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

**BACKGROUND**

On August 16, 1988, petitioner and numerous co-defendants were found guilty after a jury trial of conspiring to distribute narcotics and engaging in a continuing criminal enterprise. See United States v. Harris, 1990 WL 27340, at *1 (4th Cir. 1990). At sentencing, "the district court imposed an upward departure which increased Freeman's sentence to life without parole. The district court based the upward departure on Guidelines § 5K2.1 which specifically authorizes such departures when death results. The basis for the upward departure was that Freeman had been held responsible for two of the murders occurring during the life of the conspiracy." Harris, 1990 WL

27340, at *6. Petitioner appealed, and his conviction and sentence were affirmed. Specifically, the Fourth Circuit noted:

> From the summer of 1984 until the end of October of that year George Harris, Johney Freeman, and Roland Scott Harvey brought approximately a pound and a half of high purity, eighty to ninety percent, cocaine from New York into the Norfolk area every four days. This cocaine was distributed from the apartment of George Harris' wife, Crystal Harris. The operation had regular business hours, salaried employees, and restricted access employing extraordinary security with armed guards who carried shotguns and loaded pistols. George Harris and Johney Freeman had hired security guards, outfitted with walkie-talkie radios, to be on the lookout for law enforcement officials or individuals attempting to rob the premises of its daily cash receipts or cocaine stash. They equipped the apartment with a police scanner to monitor police radio frequencies and floodlights to provide added security from the rear.
>
> Evidence adduced at trial revealed the following chain of command. George Harris acted as chief executive officer, exercising overall control over the group, while Johney Freeman managed and supervised day-to-day operations during George Harris' absences. Crystal Harris acted as the secretary-treasurer, provided money to start the business, and set up checking accounts to handle the funds. Fencel Martin (Martin) was an insider who handled cocaine sales from the premises frequently armed with a revolver. Carolyn Patterson (Patterson) maintained a residence which the organization used for storing cocaine and money. Later in 1986 Patterson delivered cocaine and received payments from the organization. Gigi Long Freeman (Gigi), the wife of Johney Freeman, lived at the main headquarters for a period of time and later transported cocaine on at least three occasions from the New York area to Norfolk.
>
> The cocaine business continued until June of 1985 when execution of four state search warrants led to the arrest of the eleven co-conspirators. Roland Scott Harvey, one of the conspirators, testified publicly under oath subject to cross-examination at a state court preliminary hearing against defendants Crystal Harris, Johney Freeman, Fencel Martin and Carolyn Patterson. These four defendants were present at the preliminary hearing. Witnesses in the ensuing trial testified to a conversation in which "Mike," Roland Scott Harvey's assassin, discussed how he and Freeman had killed Harvey and received $10,000 for doing the murder. On May 26, 1986, Johney Freeman returned to the Norfolk, Virginia, area with "Mike" and directed one of his colleagues to purchase a firearm so that "Mike" could murder yet another witness. On the night of May 26, "Mike" shot the witness six times with a .357 Magnum causing instant death. Finally, on August 20, 1986, the final victim was murdered. Evidence at trial suggested that either Harris or Freeman arranged this murder . . .

> Johney Freeman's assertion that his sentence was disproportionate because the evidence against him was insufficient to support his culpability for the murders is similarly without merit. The evidence taken in the light most favorable to the government was more than adequate to support the finding that Freeman planned the murders. As noted earlier, under Sentencing Guidelines §§ 5K2.0 and 5K2.1, upward departure is authorized *inter alia* where death results. In the instant case, Johney Freeman twice hired a contract killer to murder government witnesses. We find no abuse in the district court's exercise of his discretion to grant an upward departure pursuant to Guidelines § 5K2.1.
>
> Finally, adequate evidence supports the district court's finding that Johney Freeman was a member of the conspiracy beyond the effective date of the Guidelines and this finding is not clearly erroneous. The district court properly sentenced Freeman under the Sentencing Guidelines.

Harris, 1990 WL 27340, at *1, 6-7.

On April 29, 1997, petitioner filed a motion to vacate, correct, or modify his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, which was denied. Freeman v. United States of America, Case No. 2:97-cv-409-jcc (E.D. Va. April 29, 1997). Petitioner appealed, and the Fourth Circuit found no reversible error. United States v. Freeman, 161 F.3d 4 (4th Cir. 1998). Petitioner has since filed numerous post-conviction motions which have been construed as successive § 2255 motions and denied. See United States v. Freeman, 35 F. App'x 101 (4th Cir. 2002); United States v. Freeman, 108 F. App'x 789, 790 (4th Cir. 2004); United States v. Freeman, 293 F. App'x 209, 210 (4th Cir. 2008); United States v. Freeman, 390 F. App'x 230, 231 (4th Cir. 2010); United States v. Freeman, No. 2:88CR76-2, 2016 WL 3525279, at *1 (E.D. Va. Jan. 22, 2016), aff'd, 667 F. App'x 787 (4th Cir. 2016). Petitioner's motions for a reduction of sentence under 18 U.S.C. § 3582 have also been also denied. See, e.g., United States v. Freeman, No. 2:88CR76, 2015 WL 11090933, at *1 (E.D. Va. May 22, 2015), reconsideration denied, No. 2:88CR76-2, 2016 WL 3525279 (E.D. Va. Jan. 22, 2016), aff'd, 667 F. App'x 787 (4th Cir. 2016).

On September 28, 2016, petitioner filed the instant petition alleging that his sentence violates the Ex Post Facto clause in light of Peugh v. United States, 133 S. Ct. 2072 (2013).[1]

## COURT'S DISCUSSION

Although petitioner filed the current action under 28 U.S.C. § 2241, he is attacking the legality, rather than the execution, of his sentence. Specifically, petitioner asserts that the sentencing court improperly applied the United States Sentencing Guidelines, and that a retroactive amendment to the guidelines has rendered his sentence in violation of the Ex Post Facto Clause. The legality of one's sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." Id. at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[1] Peugh v. United States, 133 S. Ct. 2072, held that the Ex Post Facto Clause in the U.S. Constitution is violated "when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." Id. at 2078.

4

Id.

The conduct of which petitioner was convicted remains criminal. The savings clause does not apply to a prisoner who argues only his innocence of a sentencing factor. See 28 U.S.C. § 2255(h)(1); Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (§ 2255's savings clause "only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of [a] sentencing factor"). Moreover, courts have rejected application of Peugh in § 2241 petitions. See Thai v. Warden Lewisburg USP, 608 F. App'x 114, 116 (3d Cir. 2015) ("Peugh . . . do[es] not reflect an intervening change in law which renders the crimes of which [petitioner] was convicted non-criminal."); Herrera v. Warden, FCC Coleman-USP I, 596 F. App'x 859, 862 (11th Cir. 2015) ("Herrera's argument under Peugh fails in any event because it is in essence an argument under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we have held that Booker does not apply retroactively to cases on collateral review."), cert. denied sub nom. Herrera v. Jarvis, 136 S. Ct. 1683 (2016); Wright v. Stewart, No. 2:15CV229, 2016 WL 9150567, at *2 (E.D. Va. Jan. 11, 2016) (by raising Peugh claim in § 2241 petition, "[p]etitioner is attempting to circumvent the successive requirements of 28 U.S.C. § 2255."); Spirk v. Krueger, No. 3:CV-13-2525, 2013 WL 5876163, at *2 (M.D. Pa. Oct. 31, 2013) (unpublished) ("claim of an excessive sentence under Peugh, a decision which has not yet been held to apply retroactively, does not" fall within the savings clause). Because petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, he may not proceed on his § 2241 claim.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously filed such a petition. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains

5

either newly discovered evidence or relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner does not allege that he has obtained such certification. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

After reviewing the claims presented in the habeas petition in the light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the court DISMISSES this action without prejudice. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of September, 2017.

LOUISE W. FLANAGAN
United States District Judge